IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| VANESSA M. CARTER, | ) |
| | ) Case No. 4:05CV00014 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) By: Jackson L. Kiser |
| | ) Senior United States District Judge |
| Defendant. | ) |

Before me is the Report and Recommendation ("Report") of the United States Magistrate Judge recommending reversal of the Commissioner of Social Security's ("Commissioner") final decision denying Vanessa M. Carter's ("Plaintiff's") claim for benefits. Both the Plaintiff and the Commissioner filed objections to the Report. I reviewed the Magistrate Judge's Report, the Plaintiff's objections, the Commissioner's objections, and relevant portions of the Record. The matter is now ripe for decision. For the reasons stated below, I **AFFIRM** the Magistrate Judge's Report and **REJECT** the Commissioner's and Plaintiffs objections. The Commissioner's final decision denying Plaintiff's claim for benefits will be **REVERSED**, and the case will be hereby **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

## I. STATEMENT OF FACTS

Plaintiff is a 46 year-old woman who alleges that she became disabled on June 4, 2001 when she fell off a ladder at work. The fall resulted in back problems and a knee injury which required surgery. Prior to her injury, Plaintiff had worked for over 14 years at a rubber products plant where she was a mixer cleaner at the time of her injury. On March 3, 1970, Plaintiff was

1

administered a Lorge-Thorndike IQ test which produced a verbal score of 88, a non-verbal score of 83, and a total score of 86.  Plaintiff later dropped out of school during the eighth grade and has received no other forms of education or vocational training.  On July 9, 2003, Plaintiff underwent a WAIS IQ test which produced a verbal score of 71, a performance score of 67, and a full scale score of 66.

Plaintiff timely applied for social security benefits and a hearing on the issue was held on July 17, 2003 before an Administrative Law Judge (ALJ).  The ALJ issued a written opinion on October 31, 2003 which concluded that Plaintiff was not disabled within the meaning of the Social Security Act.  That opinion was later adopted as the administration's final decision.  Plaintiff filed her appeal to this Court on March 24, 2005.  The case was referred to the Magistrate Judge on April 15, 2005.  The Magistrate Judge filed a Report and Recommendation (R&R) on October 12, 2005 recommending that the case be remanded to the Commissioner.  Plaintiff filed her objections to the R&R on October 18, 2005 and the Commissioner filed her objections to the R&R on October 28, 2005.

## II.     STANDARD OF REVIEW

Congress has limited judicial review of decisions by the Social Security Commissioner.  I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard.  42 U.S.C. § 405(g);  *see also Craig v. Chater,* 76 F.3d 585 (4th Cir. 1996).  The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  In other words, the substantial evidence

standard is satisfied by providing more than a scintilla but less than a preponderance of the evidence. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence, assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527-404.1545; *Hays v. Sullivan*, 907 F.2d 1453 (1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527 and 416.927. If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

### III. THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The crux of the dispute between the Magistrate Judge's R&R and the Commissioner's objections is whether Plaintiff satisfied the mental retardation standard as set forth in 404 C.F.R. § 404 Subpart P, Appendix 1, § 12.05C (§ 12.05C). In pertinent part, a person will be found to be mentally retarded if she provides evidence of "a valid verbal, performance, or full scale IQ of 60 through 70 and a physical...impairment imposing an additional and significant work-related limitation of function." *Id*. In addition, there must be some evidence that Plaintiff had "deficits in adaptive functioning [that were] initially manifested during the developmental period." § 12.05C; *See*, § 12.00. A person's developmental period lasts until age 22. § 12.05. In this case, Plaintiff's Lorge-Thorndike IQ test was taken when she was 11 years old while the WAIS IQ test was taken when she was 44 years old.

The Magistrate Judge found that the Commissioner's final decision was not supported by substantial evidence because the ALJ rejected the WAIS IQ test in favor of the Lorge-Thorndike

3

IQ test without any justification.  The Magistrate Judge argued that, to the contrary, substantial evidence pointed to the fact that the WAIS IQ test was more reliable and a better indicator of Plaintiff's IQ because the margin for error in the Lorge-Thorndike was substantially greater than the WAIS.  This conclusion is supported primarily by the statement from the Vocational Expert (VE) that "when you're talking validity...the [WAIS] is going to be better than the Lawrence-Thorndike [sic] with the same score.  It'll be higher on the Lawrence-Thorndike [sic] usually."  R. 404.  In his report, however, the ALJ stated that he "places no reliance on the [WAIS] IQ scores recently obtained" based, apparently, on Plaintiff's significant past work history.  Instead, the ALJ found the earlier Lorge-Thorndike IQ test more credible.  The ALJ went on to find that jobs existed in the national economy for a person like Plaintiff whose IQ was in the mid-80s.  R. 21, 25-26.  This is significant because the uncontradicted testimony of the VE was that no job would be available in the national economy for a person like Plaintiff whose IQ was in the mid-60s.  R. 25, 405-06.  Thus, the question of whether to award benefits turns solely on the determination of which IQ test is a more accurate indicator of Plaintiff's IQ.

The Commissioner argues that the Lorge-Thorndike IQ test is sufficient evidence by itself to prove that Plaintiff's IQ was above 70 and, as such, would disqualify Plaintiff from proving mental retardation under § 12.05C.  Alternatively, the Commissioner argues that Plaintiff's long work history and ability to manage her own finances undercut Plaintiff's argument that she lacks the "adaptive functioning" capabilities that the regulations require to her to have in order to be mentally retarded.  *See*, §§ 12.00, 12.05.  I believe the Commissioner's argument proves too much. The regulations do not require Plaintiff to prove that she was completely deficient in adaptive functioning during her developmental years.  Rather, Plaintiff

4

need only prove that she had some deficiency. Under the Commissioner's mode of analysis, any person with a low IQ that had a job and could pay their bills would not fit within the mentally retarded definition. Common sense and experience belie this blanket statement. Simply having a job or a bank account does not itself prove that a person cannot be deficient in adaptive functioning and, as such, be mentally retarded. In sum, there is no evidence in the Record to support the conclusion that Plaintiff was sufficiently deficient in adaptive functioning during her developmental period.

Because it is Plaintiff's burden to prove mental retardation, this lack of evidence, standing alone, does not support a remand. However, without any other evidence to support relying on the Lorge-Thorndike IQ test and with the VE's testimony that the WAIS IQ test is a much better indicator of a person's true IQ, a remand is necessary to determine if Plaintiff was sufficiently deficient in adaptive functioning during her developmental period and, if she was, whether the Lorge-Thorndike or the WAIS IQ test is the better indicator of Plaintiff's IQ.[1] It is worth noting that simply because the WAIS IQ test was taken after Plaintiff turned 22 years old is no reason to discount its accuracy in favor of the Lorge-Thorndike IQ test. As the Commissioner herself states, "mental retardation is a life-long impairment" which, in essence, makes the point that, barring circumstances not readily apparent in this case, a person's IQ does not change over time. Expert testimony from a Medical Expert (ME) will be necessary to determine these questions on remand. Finally, the second part of § 12.05C's requirement that Plaintiff have a physical impairment that "imposes an additional or significant work-related

---

[1] I agree with the Magistrate Judge that the VE was not qualified to give a complete analysis of the two IQ tests at issue. However, as a former psychologist, the VE was qualified to discuss the two tests at a general level. R. 398.

5

limitation of function" need not be reconsidered on remand. The ALJ has already found that Plaintiff suffers from a "severe" impairment as defined by 20 C.F.R. §§ 404.1520(c). This finding, which is supported by substantial evidence in the Record, is fully applicable to § 12.05C's physical impairment requirement and need not be revisited.

## IV. CONCLUSION

For reasons stated herein, I **AFFIRM** the Magistrate Judge's Report and **REJECT** the Commissioner's and Plaintiff's objections. The Commissioner's final decision denying the Plaintiff's claim for benefits will be **REVERSED**, and the case will be hereby **REMANDED** for further consideration in accordance with this opinion.

The Clerk is directed to send a certified copy of this Memorandum Opinion and the attached Order to the Magistrate Judge and all counsel of record.

Entered this 10th day of February, 2006.

s/Jackson L. Kiser<br>
Senior United States District Judge